```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-20082-CV-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
```

CHARLES E. STALLWORTH,           :

      Petitioner,              :     <u>REPORT RE DISMISSAL</u>
                                               <u>FOR FAILURE TO OBTAIN</u>
v.                                :     <u>AUTHORIZATION PURSUANT TO</u>
                                               <u>28 U.S.C. §2244(b)(3)</u>
JULIE JONES,                      :

      Respondents.             :
_____

The *pro se* petitioner, Charles Stallworth, has filed a "Petition for Relief from Judgment Order Issued: on December 20, 2004. He brings this petition pursuant to Federal Rule of Civil Procedure 60(b)(4) seeking to vacate the judgment of conviction entered in the 11th Judicial Circuit in and for Miami-Dade County, Florida in case number F01-12950. Although the petitioner titles his petition as a Rule 60(b) motion, he has not presented any grounds or identified any prior order of this court which he is attacking. As discussed *infra*, his motion is construed as a Section 2254 petition..

On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of

habeas corpus except as provided in section 2255.

    (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

        (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

    (D) The court of appeals shall grant or deny the authorization to file a second or

>  successive application not later than 30 days after the filing of the motion.
>       (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>       (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
>       (c) In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas corpus could not have caused such fact to appear in such record by the exercise of reasonable diligence.
>  (Emphasis added.)

The instant petition does not attack this court's prior adjudication of his habeas petition. Pursuant to <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Under such circumstances, the motion

is properly brought under Rule 60(b), and the district court need not obtain prior authorization from the appellate court to entertain the claims for relief. <u>Gonzalez</u>, <u>supra</u> at 532; <u>United States v. Sowers</u>, 2007 WL 2302426 (11 Cir. 2007). In <u>Gonzalez</u>, the Eleventh Circuit recognized, however, that a Rule 60(b) motion cannot be used to circumvent the preclusion against second or successive motions:

> A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute. 28 U.S.C. §2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. §2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape §2244(b)(1)'s prohibition of claims 'presented in a prior application,' §2244(b)(2)(B) requires a more convincing factual showing that does Rule 60(b). *Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent §2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'* In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an

>       exception to the successive-petition.
>       §2244(b)(3).

Gonzalez v. Crosby, 545 U.S. at 531-532 (emphasis added).

It is apparent that what movant has termed a motion for relief from judgment pursuant to Rule 60(b) in actuality is a second or successive application for §2254 habeas corpus relief. In Gonzalez, supra, the Supreme Court held that a motion for relief from judgment in a §2254 proceeding is properly characterized as a "second or successive" habeas corpus application if, among other things, it attacks a previous resolution of a claim on the merits. The Court explained that a nominal Rule 60(b) motion in effect is a second or successive habeas petition when it "seeks validation of" or "advances" one or more claims. Id. at 531-32. "A motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." Id. at 532. That is precisely what the movant's Rule 60(b) motion does here.

Pursuant to 28 U.S.C. §2244 (b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." It is now well settled that a district court lacks jurisdiction to consider a successive §2255 application unless the petitioner first obtains such permission from the appellate court to file a successive petition. See, e.g., Boone v. Secretary, Dep't of Corrections, 377 F.3d 1315, 1317 (11th Cir. 2004); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Thus, to the extent the movant means to label this proceeding as a Rule 60(b) motion, it is in legal effect actually

a successive habeas corpus petition. Murillo v. United States, 2006 WL 2853055 (11th Cir. 2006).

The requirement that a movant seek certification from the appellate court for the filing of a successive habeas application is dependant not on the characterization the movant chooses for his motion, but rather on the actual substance of the relief he seeks. See United States v. Sowers, supra ("It makes no difference that the motion itself does not *purport* to attack this court's substantive analysis of Sowers's habeas claims . . . All that matters is that Sowers is, in actuality, 'seek[ing] vindication of' or 'advancing' claims by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition."); United States v. Jordan, 915 F.2d 622, 624-25 (11 Cir. 1990)(federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

Stallworth filed a prior habeas corpus petition in this Court, challenging the subject conviction and sentence in Case No. 09-20391-CV-SEITZ. That motion was denied on the merits. ( 09-20391-CV-SEITZ:DE# 16, 18). The instant petition makes no reference to that prior case, but rather directly attacks his state conviction. The petitioner has failed to seek leave to file a successive petition therefore this court lacks jurisdiction to consider the petition until such time as the petitioner is granted authorization to file a successive petition.

If the petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A).

The petitioner will be provided with a form to apply for such authorization with this report.

On its face, this successive motion is also barred by the one year statute of limitations provided by 28 U.S.C. §2244. Under the circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument

to the attention of the district judge in the objections permitted to this report and recommendation.

It is therefore recommended that this case be dismissed as successive.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 2nd day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Charles E. Stallworth
    M49801
    Okeechobee Correctional Institution
    Inmate Mail/Parcels
    3420 NE 168th Street
    Okeechobee, FL 34972
    PRO SE

    Office of the Attorney General
    444 Brickell Ave., Suite 650
    Miami, FL 33131